JEFFERSON *v.* WAGMAN.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—RIGHTS OF VEND-
EES IN SECOND CONTRACT.

Grantee, to whom was assigned vendors' interest in land con-
tract, is entitled to full payment thereunder before being com-
pelled to convey premises to vendees under second contract,
although they were in possession when grantee took title, and
have tendered to their vendors full amount due under their
contract.

Appeal from Wayne; Sprague (Victor D.), J.,
presiding. Submitted January 4, 1933. (Docket
No. 25, Calendar No. 36,717.) Decided March 1,
1933.

Bill by Alexander Jefferson and another against
Julius Wagman and others for specific performance
of a contract to purchase land. Cross-bill by de-
fendant Ada Peckham against plaintiffs and other
defendants to foreclose another land contract in-
volving the same premises. Decree for defendant
Ada Peckham on cross-bill. Plaintiffs appeal. Af-
firmed.

*W. Hayes McKinney* (*Frank B. Stoney* and *Sid-
ney B. Clark,* of counsel), for plaintiffs.

*Younglove & Chockley,* for defendants Ralph and
Ada Peckham.

FEAD, J. In 1922 Samuel Feldman was record
owner of certain premises. Defendants Wagman
were his land contract vendees and plaintiffs were
vendees under land contract from the Wagmans.

Plaintiffs knew the Wagmans were buying on contract. In 1924 Feldman conveyed the premises and assigned the contract to defendant Ralph P. Peckham, and in 1930 the latter quitclaimed to his wife.

In 1931 the Wagmans were in arrears over $3,000 on their contract, while plaintiffs had reduced their contract principal to $322. They tendered the balance to defendants Wagman and demanded a deed. Wagman told them they could not execute a deed because of their delinquency on their own contract.

Plaintiffs took possession in 1922, and have continued in open, notorious, and visible occupancy, paying all the taxes. They first knew in 1931 that the Peckhams had purchased, and that the Wagmans were in arrears in payments. At various times Wagman had assured plaintiffs he was able to deliver title at any time.

On refusal of the Wagmans to deliver deed, plaintiffs brought this suit against both Wagmans and Peckhams for specific performance of their contract. Mrs. Peckham, by cross-bill, prayed for foreclosure of the Wagman contract, and had decree.

Plaintiffs claim the Peckhams were guilty of fraud in Peckham testifying that he had conveyed to his wife in payment of his debt to her of $3,000, whereas it appeared that the transaction was done when the real estate market was lowest, and there was no evidence to show the debt, and in bankruptcy proceedings a year later Peckham had listed the debt as his own asset, and because, when Peckham deeded to his wife, both knew that plaintiffs were in possession. They further contend that their actual possession of the premises charged all the world, including the Peckhams, with notice of plaintiffs' rights in the premises; that, as plaintiffs were in possession some two years before Peckham obtained

title, he was guilty of laches and gross negligence, and the doctrine of *caveat emptor* applies to him; that Mrs. Peckham does not stand in the shoes of Feldman, but, because Peckham knew plaintiffs had a land contract interest in the premises, he took subject to such contract, and because, as Mrs. Peckham presented no testimony at the hearing (and her husband's testimony did not inure to her benefit because he "was not armed with a power of attorney which would enable him to testify in her behalf"), she was not a holder in good faith, her rights were not established by evidence, and that she was shorn of any rights in the premises.

The Peckhams took subject to plaintiffs' rights. Plaintiffs' right was to have a deed from Wagman on payment of the contract price. This right could not affect Mrs. Peckham's right to full payment of the Wagman contract before she could be compelled to convey. The circuit court fully and tactfully discussed all of plaintiffs' contentions, and the reasons need not be repeated here.

Decree affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.